# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON REMAND

---

## NO. 03-18-00675-CR

---

**Michael Wells, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 33RD DISTRICT COURT OF LLANO COUNTY
### NO. CR7497, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Michael Wells of the state jail felony offense of possession of a penalty group one controlled substance in an amount less than one gram. *See* Tex. Health & Safety Code § 481.115(a), (b). The jury found the enhancement paragraphs true raising the punishment range to that of a third degree felony, *see* Tex. Penal Code § 12.425(a), and sentenced appellant to confinement for ten years in the Texas Department of Criminal Justice and imposed a fine of $2,500.

Appellant's six appellate issues did not challenge the jury's verdict but sought to modify the judgment to delete certain assessed fees and court costs, reflect the correct offense level, and correct clerical errors. On June 4, 2020, we modified the trial court's judgment of conviction and withdrawal order and, as modified, affirmed the judgment of conviction. *See*

*Wells v. State*, No. 03-18-00675-CR, 2020 WL 3164972, at *1 (Tex. App.—Austin June 4, 2020, pet. granted) (mem. op., not designated for publication).

Citing its holding in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), the Texas Court of Criminal Appeals granted review on its own motion on the following ground: "Should the 'Time Payment Fee' be struck as prematurely assessed?" *See Wells v. State*, No. PD-0579-20, 2021 WL 1936068, at *1 (Tex. Crim. App. May 12, 2021) (not designated for publication). The Court of Criminal Appeals cited its holding in *Dulin* that "the time payment fee was assessed prematurely because the pendency of appeal suspends the obligation to pay court costs"; explained that as a result, there was no need to reach the constitutional arguments concerning the time payment fee; vacated this Court's judgment; and remanded the case to this Court for proceedings consistent with its opinion. *See id*.

Following the directive from the Court of Criminal Appeals, we conclude that the $25 time payment fee should be struck from the judgment of conviction as prematurely assessed without reaching appellant's challenge to the constitutionality of 90% of the fee. Thus, we modify the trial court's judgment of conviction to strike the $25 assessed time payment fee.

As to appellant's remaining issues, for the reasons set forth in our previous opinion, *see generally Wells*, 2020 WL 3164972, we further modify the judgment: (i) to delete the assessed attorney's fees of $425.00 and restitution of $180.00, (ii) to reflect that the "Degree of Offense" is "State Jail Felony," and (iii) to reflect that appellant entered a plea of "not true" to the second enhancement paragraph and that the jury found the allegation in that paragraph to be

"true." Consistent with the modifications to the judgment, we modify the withdrawal order to reflect the total sum of $3,010, the amount remaining after the deletion of $630 from $3,640.[1]

On remand, we modify the judgment and withdrawal order as stated above and, as modified, affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Modified and, As Modified, Affirmed On Remand

Filed:   July 30, 2021

Do Not Publish

---

[1] The amount to be deleted from the total sum reflected on the withdrawal order is based on the deletion of $425 (court-appointed attorney's fees), $180 (restitution), and $25 (time payment fee).